Leo Fox, Esq.
Law Offices of Leo Fox
630 Third Avenue, 18th Floor
New York, New York 10017
Tel: (212) 867-9595
Fax: (212) 949-1857

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

       SIMON TAUB                           Chapter 7
                                          Case No: 10-49215 (ESS)

               Alleged Debtor.
-----------------------------------------------------------X

## ORDER TO SHOW CAUSE SCHEDULING HEARING ON DISMISSAL OF INVOLUNTARY PETITION

Upon the annexed Affidavit of the above-captioned alleged Debtor and the Memorandum of Law in Support of the Motion to Dismiss Involuntary Petition (the "Application"), and sufficient cause appearing therefor, it is

**ORDERED** that the Petitioner of the above-captioned involuntary petition show cause before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge on the ___ day of October, 2010 at ___ o'clock in the _____ of that day, or as soon thereafter as may be heard, in Her Courtroom, in the United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York, 11201 as to why an Order should not be issued pursuant to § 303 of the Bankruptcy Code dismissing the involuntary petition, and assessing sanctions against the Petitioner, including but not limited to, sanctions under § 303(i) of the Bankruptcy Code, and it is further

**ORDERED** that objections, if any, to the Debtor's Application shall be in writing, filed with the Clerk of the United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York 11201 with a courtesy copy delivered to Chambers, and served upon Leo Fox, Esq., attorney for the alleged Debtor, at 630 Third Avenue, 18th Floor, New York, New York 10017, so that such objections are received no later than _____ o'clock on October ___, 2010, and it is further

**ORDERED** that service by fax, or email or overnight delivery of this Order and Application with exhibits thereon upon Katalin Pota, the Petitioner in this Involuntary Petition, Chana Taub by her attorney David A. Bellon, Esq., and Esther Newhouse on or before October ___, 2010 shall be deemed good and sufficient notice of the within hearing(s).

Dated: Brooklyn, New York
      October _____, 2010.

                                    UNITED STATES BANKRUPTCY JUDGE
                                    HON. ELIZABETH S. STONG

Leo Fox, Esq.
Law Offices of Leo Fox
630 Third Avenue, 18th Floor
New York, New York 10017
Tel: (212) 867-9595
Fax: (212) 949-1857

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

       SIMON TAUB

            Alleged Debtor.
-----------------------------------------------------------X

Chapter 7
Case No: 10-49215 (ESS)

## AFFIDAVIT OF SIMON TAUB IN SUPPORT OF
## MOTION TO DISMISS INVOLUNTARY PETITION

STATE OF NEW YORK   )
                            ) ss.:
COUNTY OF KINGS)

     **SIMON TAUB** affirms the following under penalties of perjury:

    1.    I am the above-captioned alleged Debtor. I submit this Affidavit in support of my Motion to Dismiss the Involuntary Petition filed by a former non-paying tenant, Katalin Pota, on September 29, 2010 (**Exhibit A**). This Involuntary Petition is the second involuntary petition brought by the Petitioner against the alleged Debtor in the past several weeks, based on the same claim and the same set of circumstances which the Bankruptcy Court has already ruled was insufficient in its Decision dated September 7, 2010, and Order dated September 7, 2010 dismissing the prior Involuntary Petition. This second involuntary petition filed by Katalin Pota was filed shortly prior to the commencement of a pending matrimonial action in the New York State Supreme Court, Kings County (Index No. 26534-07) (the "Equitable Distribution Action") scheduled to commence on October 4, 2010, just as the prior First Involuntary Petition was

commenced (by Ms. Pota, Chana Taub and Esther Newhouse) to stay the commencement of the Divorce Action, which was scheduled to commence on August 30, 2010. The commencement of the Equitable Distribution Action was contemplated by a Decision and Order of this Court dated August 24, 2009 in the Chana Taub Chapter 11 case, case no. 08-44210, which lifted the "automatic stay", in order to permit the Equitable Distribution Action to proceed. It is essential that this Second Involuntary Petition be dismissed as soon as possible to help alleviate the damages being suffered by the alleged Debtor to his credit standing (we will demonstrate the damages at the trial) and to permit the Equitable Distribution Action to proceed as scheduled this week by the New York State Supreme Court Judge D'Emic. A quick determination may permit the Divorce Action to commence this week.

## BACKGROUND

2.  The background is familiar to this Court, having been confronted with over 750 docket entries in the Chana Taub Chapter 11 case. Chana Taub is my estranged wife. On July 1, 2008 Chana Taub filed a petition for relief under Chapter 11 of the Bankruptcy Code. By Order dated April 9, 2010, a Chapter 11 Trustee was appointed to supervise and manage the properties of the Chana Taub estate.

3.  Upon information and belief, Chana Taub's Chapter 11 petition was filed in substantial part to avoid the Equitable Distribution Action which would proceed to a judgment of divorce. By decision of this Court dated August 14, 2009, over opposition of Chana Taub, this Court lifted the automatic stay to permit the pending Equitable Distribution Action to proceed in the New York State Supreme Court.

4.  The automatic stay was first lifted more than a year after Chana Taub's Chapter 11 petition was filed This Court analyzed in great detail the factors leading to the decision to lift

the automatic stay. Among the factors which the Court considered was: (i) that the New York State Supreme Court could determine the issues concerning the rights of the parties in separate or marital property; (ii) that the New York State Supreme Court could enable a specialized tribunal to decide these issues; (iii) that it would be in the interest of judicial economy to allow the Divorce Action to proceed; (iv) that the parties were ready for trial; (v) and that the automatic stay, on a balancing of harms test, should be lifted to permit the Divorce Action to proceed. Memorandum Decision on Motion for Relief from the Automatic Stay, Case No. 08-44210, Docket No. 316, at p. 9-20.

5. After the automatic stay was lifted, Chana Taub moved to reconsider, which motion was denied by this Court by Decision and Order. Thereafter, Chana Taub appealed the Decision and Order. The appeal was voluntarily withdrawn in the summer of 2010.

6. Chana Taub continued to seek to delay the Equitable Distribution Action. Chana Taub filed several motions for recusal against Judge Demarest, the New York State Supreme Court judge presiding over the Equitable Distribution Action, and also sued her in the United States District Court for The Eastern District of New York, alleging monetary damages. Judge Demarest recused herself from the Equitable Distribution Action.

7. Thereafter, the Equitable Distribution Action was assigned to Judge Mathew J. D'Emic. Chana Taub requested and obtained adjournments of trial dates scheduled for July 16, 2010, July 19, 2010 and August 2, 2010. Judge D'Emic notified the parties by Notice dated August 3, 2010 that the Equitable Distribution Action was to proceed to trial on August 30, 2010 and would continue thereafter until completed. The Judge advised and directed that the parties should consider themselves "actually engaged and are directed not to become engaged".

8. On August 30, 2010 at 9:26 a.m., the morning the Divorce Action was scheduled

to proceed, an involuntary petition was filed against me (the "First Involuntary Petition") by Chana Taub, her sister Esther Newhouse, and Katalin Pota. Ms. Pota is the petitioning creditor in this current involuntary case (the "Second Involuntary Petition"). On August 31, 2010 my attorneys and I filed a motion to dismiss the First Involuntary Petition.. A Trial was held on the Motion on September 2, 2010. On September 7, 2010, the Bankruptcy Court (Honorable Carla E. Craig) granted our motion and dismissed the case because, among other things, the petitioning creditors failed to substantiate the allegations made and because Katalin Pota failed to appear at the hearing and presented no evidence to support her claim against me.

9. Following the dismissal of the First Involuntary Petition, Supreme Court Justice D'Emic re-scheduled the Equitable Distribution Action to proceed on October 4, 2010 as indicated by letter notice dated September 14, 2010 and attached hereto as **Exhibit B**. In the letter, Judge D'Emic stated that the parties were directed not to become engaged in any matter that would interfere with the case. He also stated no adjournments would be granted.

10. On September 29, 2010, days before the Equitable Distribution Action was to commence, and on the eve of the Jewish Holiday which precluded my response before the Trial in the Divorce Court, Katalin Pota filed this Chapter 7 petition. The petition has the same defects as noted by the Bankruptcy Court in dismissing the First Involuntary Petition, namely that the petition fails to state the nature of the claim against me, no substantiation or detail is provided, and thus, as a matter of Res Judicata and Collateral Estoppel, this claim is clearly the subject of a bona fide dispute, and cannot support an Involuntary Petition.

## THE INVOLUNTARY PETITION IS DEFECTIVE ON ITS FACE

11. The Second Involuntary Petition states that Katalin Pota has an alleged claim of $200,000.00 against me. That is the exact amount which Ms. Pota claims I owed her in the First

Involuntary Petition, which Petition was dismissed. I deny that Katalin Pota has any claim against me, much less a claim not subject to a bona fide dispute or a claim which is fixed as to liability and amount. Any claim Katalin Pota has, is the subject of a bona fide dispute as to liability and amount. Ms. Pota does not attach any supporting documentation to her petition. As stated in the Order dismissing the First Involuntary Petition, "petitioning creditors, who sign the petition under the penalty of perjury, should have the documentation to support their claims before taking this serious step". Decision, Case No. 10-48-155, Docket No. 12, at p. 13.

12. As stated in the motion to dismiss the First Involuntary Petition, Ms. Pota resided in one of my buildings located at 10 Grand Avenue, starting in March of 2004. Ms. Pota did not pay rent for a year and a half. I commenced an eviction action against her. Ms. Pota employed the services of Ms. Grier, an attorney used by Esther Newhouse, sister to Chana Taub and a petitioning creditor in the First Involuntary Petition, during the course of the Chana Taub Chapter 11 case. At nearly every hearing in the New York City Housing Court, Chana Taub appeared and advised Ms. Pota to not pay rent and otherwise assisted her in her litigation strategy. Ms. Pota ultimately moved out, without paying her rent, which by that time had accrued to at least $36,000.00. As part of her move, in or about the summer of 2009, Ms. Pota stored her belongings in a storage facility by the name of "Ryerson Street Mini Storage". In order to facilitate her vacancy and regain possession of the apartment, I agreed to pay her storage for six (6) months. I paid the storage facility for six (6) months. I enclose a copy of the bill and checks reflecting that we paid the storage for six (6) months (**Exhibit C**).

13. The Bankruptcy Court, in the Decision dismissing the First Involuntary Petition, states, "there is no evidence of any obligation...to Ms. Pota". Id. at p. 21. It is clear that I do not owe Ms. Pota anything. In fact, Ms. Pota owes me substantial unpaid rent. Thus, Ms. Pota, as

the Court has already decided, does not have claims which are valid or legitimate. A claim, if any, is contingent as to liability and the subject of a bona fide dispute. Accordingly, these claims cannot support the filing of a Chapter 7 involuntary petition.

## THE ALLEGED DEBTOR SHOULD BE AWARDED DAMAGES

14. The filing of this Second Involuntary Petition, compounded by the dismissal of the First Involuntary Petition, dictate that sanctions should be assessed for filing this involuntary case pursuant to § 303(i) of the Bankruptcy Code. As a result of the First Involuntary Petition, my credit suffered and various credit card companies and other business related entities have canceled my credit facilities I have accrued significant attorney fees in defending the First Involuntary Petition, as well as forthcoming fees in defending this Second Involuntary Petition. My credit standing has suffered and I am entitled to an award of damages from Ms. Pota and any other person responsible for the Second Involuntary Petition (as well as for the First Petition) in an amount to be assessed at a continued hearing ( the Bankruptcy Court previously also bifurcated the damages issue to permit an expedited hearing on the dismissal)

15. Moreover, this involuntary case was filed merely days before the Divorce Action trial was scheduled to commence. It is clear that the sole purpose of this filing was to interrupt and to delay the orderly progress of the Equitable Distribution Action by a person who, by Court Order, knew that her petition had no merit and who filed solely for the purposes of incurring delays and preventing the disposition of the Equitable Distribution Action. This sort of "bad faith" filing comports with case law in the Second Circuit that awards punitive damages based on filings based on an improper purpose. We request that the Court award at least $ 75,000.00 in actual and punitive damages as a consequence of this Petition.

**WHEREFORE**, it is respectfully requested that the Court grant the relief sought herein and grant such other and further relief as is proper.

Duly affirmed under penalty
of perjury October 4, 2010.

/s/ *Simon Taub*
SIMON TAUB

| B5 (Official Form 5) (12/07) | United States Bankruptcy Court<br>EASTERN District of NEW YORK | INVOLUNTARY PETITION |
|---|---|---|

| IN RE (Name of Debtor - If Individual: Last, First, Middle)<br>SIMON TAUB | ALL OTHER NAMES used by debtor in the last 8 years (include married, maiden, and trade names.) |
|---|---|
| Last four digits of Social-Security or other Individual's Tax-I.D. No./Complete EIN (If more than one, state all.) | |
| STREET ADDRESS OF DEBTOR (No. and street, city, state, and zip code)<br>4819-14TH AVE.<br>BROOKLYN, N.Y. 11219 | MAILING ADDRESS OF DEBTOR (If different from street address) |
| COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS<br>KINGS                ZIP CODE 11219 | ZIP CODE |
| LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from previously listed addresses) BROOKLYN, N.Y. 11205<br>10 GRAND AVE. | |

CHAPTER OF BANKRUPTCY CODE UNDER WHICH PETITION IS FILED

✓ Chapter 7      ☐ Chapter 11

INFORMATION REGARDING DEBTOR (Check applicable boxes)

| Nature of Debts (Check one box.) | Type of Debtor (Form of Organization) | Nature of Business (Check one box.) |
|---|---|---|
| Petitioners believe:<br>✓ Debts are primarily consumer debts<br>☐ Debts are primarily business debts | ✓ Individual (Includes Joint Debtor)<br>☐ Corporation (Includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51)(B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>✓ Other MULTI ASSET REAL ESTATE |

| VENUE | FILING FEE (Check one box) |
|---|---|
| ✓ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in the District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District<br>☐ A bankruptcy case concerning debtor's affiliate, general partner or partnership is pending in this District. | ✓ Full Filing Fee attached<br>☐ Petitioner is a child support creditor or its representative, and the form specified in § 304(g) of the Bankruptcy Reform Act of 1994 is attached [If a child suppo. creditor or its representative is a petitioner, and if the petitioner files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.] |

PENDING BANKRUPTCY CASE FILED BY OR AGAINST ANY PARTNER OR AFFILIATE OF THIS DEBTOR (Report information for any additional cases on attached sheets.)

| Name of Debtor | Case Number | Date |
|---|---|---|
| Relationship | District | Judge |

| ALLEGATIONS (Check applicable boxes) | COURT USE ONLY |
|---|---|
| 1. ☐ Petitioner(s) are eligible to file this petition pursuant to 11 U.S.C. § 303 (b).<br>2. ☐ The debtor is a person against whom an order for relief may be entered under title 11 of the United States Code.<br>3.a. ☐ The debtor is generally not paying such debtor's debts as they become due, unless such debts are the subject of a bona fide dispute as to liability or amount:<br>or<br>b. ☐ Within 120 days preceding the filing of this petition, a custodian, other than a trustee receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession | |



A

B5 (Official Form 5) (12/07) – Page 2

Name of Debtor __SIMON TAUB__

Case No. _____

## TRANSFER OF CLAIM

Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents that evidence the transfer and any statements that are required under Bankruptcy Rule 1003(a).

## REQUEST FOR RELIEF

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition. If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

x _[signature]_  9/29/2010
Signature of Petitioner or Representative (State title)
Name of Petitioner: __KATALIN POTA__
Date Signed: 9/29/2010

Name & Mailing Address of Individual Signing in Representative Capacity:
__KATALIN POTA__
__POB 7442__
__NEW YORK, NY 10150__

x _____ Signature of Attorney  Date
Name of Attorney Firm (If any) _____
Address _____
Telephone No. _____

x _____
Signature of Petitioner or Representative (State title)
Name of Petitioner _____  Date Signed _____
Name & Mailing Address of Individual Signing in Representative Capacity _____

x _____ Signature of Attorney  Date
Name of Attorney Firm (If any) _____
Address _____
Telephone No. _____

x _____
Signature of Petitioner or Representative (State title)
Name of Petitioner _____  Date Signed _____
Name & Mailing Address of Individual Signing in Representative Capacity _____

x _____ Signature of Attorney  Date
Name of Attorney Firm (If any) _____
Address _____
Telephone No _____

## PETITIONING CREDITORS

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| __KATALIN POTA, POB 7442, NEW YORK NY 10150__ | | $200,000.00 |
| | | |
| | | |

Note: If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above.

Total Amount of Petitioners' Claims

___ continuation sheets attached

# United States Bankruptcy Court

Eastern District Of New York
271 Cadman Plaza East, Suite 1595
Brooklyn, NY 11201-1800

IN RE:

   Simon Taub

Social Security/Individual Taxpayer ID/Taxpayer ID/Employer ID No.:

   xxx-xx-0000

           DEBTOR(s)

CASE NO: 1-10-49215-ess

CHAPTER: 7

## SUMMONS TO DEBTOR IN INVOLUNTARY CASE

To the above named debtor:

A petition under title 11, United States Code was filed against you on September 29, 2010 in this bankruptcy court, requesting an order for relief under Chapter 7 of the Bankruptcy Code (title 11 of the United States Code).

YOU ARE SUMMONED and required to file with the clerk of the bankruptcy court a motion or answer to the petition within 21 days after the service of this summons. A copy of the petition can be viewed via the Court's Internet site at www.nyeb.uscourts.gov.

**Address of Clerk:**  United States Bankruptcy Court
271 Cadman Plaza East, Suite 1595
Brooklyn, NY 11201-1800

At the same time, you must also serve a copy of your motion or answer on petitioner's attorney.

**Name and Address of Petitioner's Attorney:**

Simon Taub
4819 14th Ave.
Brooklyn, NY 11219

Katalin Pota
P.O. Box 7442
New York, NY 10150

If you make a motion, your time to serve an answer is governed by Federal Rule of Bankruptcy Procedure 1011(c).

If you fail to respond to this summons, the order for relief will be entered.

Dated: September 29, 2010

For the Court, Robert A. Gavin, Jr., Clerk of Court

mmons 12/1/09]



**Supreme Court
of the
State of New York**

MATTHEW J. D'EMIC
JUDGE OF THE COURT OF CLAIMS

CHAMBERS
320 JAY STREET, ROOM 25.77
BROOKLYN, NY 11201
(347) 296-1031

September 14, 2010

Mr. Konstam
Mallow, Konstam & Nisonosff
321 Broadway
New York, NY 10007

Re:  Taub v. Taub
Ind. No. 26534-07

Dear Mr. Konstam:

    This letter will serve as notice that the case of Taub v. Taub will be tried on October 4, 2010. You are to consider yourself actually engaged. The trial will commence on that date, and you are directed not to become engaged in any matter that will interfere with this case. No adjournments will be granted.

Very truly yours,

Matthew J. D'Emic
J.S.C.



# Customer Receipt

**Ryerson Street Mini Storage**
32 Grand Ave
Brooklyn, NY 11205
(718)237-9735

Receipt number: 393918
Receipt Printed: 7/21/2009

Customer: Katalin Pota
180 E. 82nd St. #1a
New York, NY 10028

### Charges

| | | Qty | Amount | |
|---|---|---|---|---|
| Rent for unit: B8-4-24 | Due: 6/26/2009 | 1 | $85.00 | 3 |
| Unit B8-4-24 late level 1 | Due: 7/13/2009 | 1 | $25.00 | |
| Rent for unit: B8-4-24 | Due: 7/26/2009 | 1 | $85.00 | 4 |

Amount: $195.00
Tax: $0.00

### Payments

Amount
($195.00)

Signature _____

Total Due:  $0.00

| Statement Summary 6/21/2009 To 7/21/2009 | Charges: $195.00 | Payments/Credits: $195.00 | Total Due: $0.00 |
|---|---|---|---|

| Location | Unit | Rent | Deposit | Status | Start | Paid to | Tax Exempt | Auto Bill |
|---|---|---|---|---|---|---|---|---|
| 002 | B8-4-24 | $85.00 | $85.00 | Rented | 5/26/2009 | 8/26/2009 | Yes | No |



## Customer Receipt

Ryerson Street Mini Storage
32 Grand Ave
Brooklyn, NY  11205
(718)237-9735

Receipt number: 393917
Receipt Printed: 7/21/2009

Customer: Katalin Pota
180 E. 82nd St. #1a
New York, NY  10028

### Charges

| | | Qty | Amount |
|---|---|---|---|
| Rent for unit: B8-5-10 | Due: 6/18/2009 | 1 | $199.00 |
| Unit B8-5-10 late level 1 | Due: 7/3/2009 | 1 | $25.00 |
| Rent for unit: B8-5-10 | Due: 7/18/2009 | 1 | $199.00 |

Amount: $423.00
Tax: $0.00

### Payments

Amount
($423.00)

Signature _____

Total Due: $0.00

| Statement Summary | | | | | | | |
|---|---|---|---|---|---|---|---|
| 6/21/2009 To 7/21/2009 | | Charges: $224.00 | | Payments/Credits: $224.00 | | | Total Due: $0.00 |
| Location | Unit | Rent | Deposit | Status | Start | Paid to | Tax Exempt | Auto Bill |
| 002 | B8-5-10 | $199.00 | $199.00 | Rented | 5/18/2009 | 8/18/2009 | Yes | No |

# Customer Receipt

**Ryerson Street Mini Storage**
32 Grand Ave
Brooklyn, NY 11205
(718)237-9735

Receipt number: 379247
Receipt Printed: 7/21/2009

Customer: Katalin Pota
180 E. 82nd St. #1a
New York, NY 10028

### Charges

| | | Qty | Amount | |
|---|---|---|---|---|
| Rent for unit: B8-4-24 | Due: 5/26/2009 | 1 | $85.00 | 1 |
| Unit: B8-4-24 deposit | Due: 5/26/2009 | 1 | $85.00 | 2 |

Amount: $170.00
Tax: $0.00

### Payments

Amount
($170.00)

Signature _____

Total Due:    $0.00

---

**Statement Summary**

4/26/2009 To 5/26/2009    Charges: $170.00    Payments/Credits: $170.00    Total Due: $0.00

| Location | Unit | Rent | Deposit | Status | Start | Paid to | Tax Exempt | Auto Bill |
|---|---|---|---|---|---|---|---|---|
| 002 | B8-4-24 | $85.00 | $85.00 | Rented | 5/26/2009 | 6/26/2009 | Yes | No |

# Customer Receipt

**Ryerson Street Mini Storage**
32 Grand Ave
Brooklyn, NY 11205
(718)237-9735

Receipt number: 377391
Receipt Printed: 7/21/2009

Customer: Katalin Pota
180 E. 82nd St. #1a
New York, NY 10028

| Charges | | Qty | Amount |
|---|---|---|---|
| Rent for unit: B8-5-10 | Due: 5/18/2009 | 1 | $199.00 |
| Unit: B8-5-10 deposit | Due: 5/18/2009 | 1 | $199.00 |
| | Amount: | | $398.00 |
| | Tax: | | $0.00 |

| Payments | Amount |
|---|---|
| | ($398.00) |

Signature _____

Total Due: $0.00

---

**Statement Summary**
4/18/2009 To 5/18/2009     Charges: $398.00     Payments/Credits: $398.00     Total Due: $0.00

| Location | Unit | Rent | Deposit | Status | Start | Paid to | Tax Exempt | Auto Bill |
|---|---|---|---|---|---|---|---|---|
| 002 | B8-5-10 | $199.00 | $199.00 | Rented | 5/18/2009 | 6/18/2009 | Yes | No |

**Check 8816**

10 GRAND AVENUE LLC
DATE: 11/17/09
PAY TO THE ORDER OF: Ryerson Street Mini Storage
$170.00
The Sum 170
CHASE
JPMorgan Chase Bank, N.A.
New York, New York 10017
www.Chase.com
FOR: Unit B8-4-24 Katalin Pota

⑃008816⑃ ⑊021000021⑊ 53071338965⑃

**Check 8817**

10 GRAND AVENUE LLC
DATE: 11/17/09
PAY TO THE ORDER OF: Ryerson Street Mini Storage
$398.00
The Sum 398
CHASE
JPMorgan Chase Bank, N.A.
New York, New York 10017
www.Chase.com
FOR: Unit B8-5-10 Katalin Pota

⑃008817⑃ ⑊021000021⑊ 53071338965⑃

C