Leo Fox, Esq.
Law Offices of Leo Fox
630 Third Avenue, 18th Floor
New York, New York 10017
Tel: (212) 867-9595
Fax: (212) 949-1857

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

    SIMON TAUB                                  Chapter 7
                                                      Case No: 10-49215 (ESS)

                Alleged Debtor.
----------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DISMISSAL OF INVOLUNTARY PETITION

### PRELIMINARY STATEMENT

      This Memorandum of Law is submitted by the alleged Debtor Simon Taub in support of dismissal of the involuntary Chapter 7 petition filed by Katalin Pota.

### FACTS

      The facts of this case are set forth in detail in the *Affidavit of Simon Taub in Support of Memorandum of Law to Dismiss Involuntary Petition*. The facts are compelling and demonstrate that the sole purpose of this filing was to improperly derail and delay the commencement of the trial on the Equitable Distribution Action[1]. The Equitable Distribution Action had been scheduled to proceed after this Court had lifted the automatic stay in the Chana Taub Chapter 11 case as being in the best interest of that case.

      This involuntary filing is a continuation of a series of acts by Chana Taub and her associates to derail the Equitable Distribution Action. Such acts have included: the filing of

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the *Affidavit of Simon Taub in Support of Memorandum of Law to Dismiss Involuntary Petition.*

Chana Taub's own Chapter 11 case, Chana Taub's opposition to Simon Taub's Motion to Lift Stay in the Chana Taub Chapter 11 case to proceed with the Equitable Distribution Action, Chana Taub's repeated efforts to recuse Judge Demarest, her repeated request for adjournments of the Equitable Distribution Action, an involuntary petition filed against Simon Taub on August 30, 2010, the morning the Equitable Distribution Action was scheduled to proceed, and now, one month later, this Second Involuntary Petition filed by a former petitioning creditor in the First Involuntary Petition.

These facts are made more egregious because Katalin Pota's "claim" in this Second Involuntary Petition is exactly the same in amount as her "claim" in the First Involuntary Petition. She claims the exact same amount of $200,000 yet, like with the First Involuntary Petition, she provides no documentation to support her claim. Ms. Pota's "claim" was dismissed per the Order of the Bankruptcy Court in the First Involuntary Petition. It is clear that Katalin Pota does not have a claim that can sustain a bankruptcy filing. For the following reasons, this Second Involuntary Petition should be dismissed and sanctions should be assessed against Katalin Pota, and any other person responsible for this and the earlier Involuntary Petition for "bad faith" in bringing these involuntary cases, in amounts of no less than $75,000.00

### **THE CLAIM OF THE PETITIONER IS SUBJECT TO BONA FIDE DISPUTE UNDER § 303 OF THE BANKRUPTCY CODE**

Section 303(b) provides, in relevant part,:

> "(b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title-
> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount......."

2

The petitioning creditor must establish a prima facie case that no bona fide dispute exists before the burden shifts to the debtor to demonstrate the existence of a bona fide dispute. In re BDC, 330 F.3d 111, 118 (2d. Cir. 2003) (rev'd in part on other grounds).[2]

The phrase "as to liability and amount" was added after the phrase "bona fide dispute" to § 303(b)(1) and (h)(1) of the Bankruptcy Code pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, making it clear that a dispute limited to the amount of the claim renders the entire claim subject to a bona fide dispute. See In re Euro-American Lodging Corp., 357 B.R. 700, 712 (Bankr. S.D.N.Y. 2007).

The Court's objective is to ascertain whether a dispute that is bona fide exists; not to actually resolve the dispute. Rimell v. Mark Twain Bank, 946 F.2d 1363, 1365 (8th Cir. 1991). The Court may be required to conduct a limited analysis of the legal issues in order to ascertain whether an objective legal basis for the dispute exists. In re Ramm Indus., Inc., 83 B.R. 815, 822 (Bankr. M.D. Fla. 1988). However, even if the Court would be inclined to rule in favor of the creditor on the underlying claim, it does not mean that the claim is not subject to a bona fide dispute. Boston Beverage Corp. v. Turner, 81 B.R. 738, 745 (D. Mass. 1987).

Ms. Pota's claim consists of the two page petition and does not include any documentation supporting her claim. She thus does not overcome her burden of proof to show that she has a prima facie case against Simon Taub. Moreover, her claim is the exact same amount as was listed in the First Involuntary Petition, which Petition was dismissed by this Court because, among other reasons: (i) The petition did not supply any evidence to support the allegations; (ii) Ms. Pota did not come forward with any calculations justifying the amount of the

---

[2] It should be noted that here the petitioning creditors presents absolutely no showing on the clear issues representing the bona fide dispute issue to the Court and consequently fails to meet her prima facie case burden.

3

claim; and (iii) the Court found that Ms. Pota did not meet her burden of coming forward with evidence to show her claim is not subject to a bona fide dispute as to liability. As a result, this Court concluded that Ms. Pota was not an eligible petitioning creditor. Decision, Case No. 10-48155, Docket No. 12, at p. 13-14. That Decision is Res Judicata andCollateral on the issue of whether Ms. Pota's claim can support a Bankruptcy filing.

## SIMON TAUB IS ENTITLED TO AN AWARD OF DAMAGES

Section 303(i) of the Bankruptcy Code permits the Court to grant judgment against petitioners under certain circumstances for costs, reasonable attorneys' fees and in the case of bad faith, punitive damages. While bad faith is a prerequisite for an award of damages, it is not a prerequisite for an award of cost and attorneys' fees. Lubow Machine Co. v. Bayshore Wire Products Corp. 209 F.3d 100 (2d Cir. 2000). Katalin Pota was a petitioning creditor in the exact same amount and likewise unsubstantiated by documentation in the First Involuntary Petition. Now she files a Second Involuntary Petition for the same amount and days before the Equitable Distribution Action is to proceed. Here, only one conclusion can be drawn: the petitioner's exercise of bad faith efforts to block the Equitable Distribution Action from proceeding despite the New York State Supreme Court's scheduling of the trial and emphasis that the trial should not be further delayed. The Alleged Debtor has suffered damages in the form of damage to his credit reputation as a consequence of these filings. The alleged Debtor is entitled to damages and punitive, in an amount to be determined after a hearing, consisting of his costs, his attorneys' fees (from both bankruptcy and state court proceedings), damages arising from a bankruptcy filing on his record, including but no limited to damage to his credit, and other punitive damages as the Court may determine, in am amount of not less than $75,000.00

## CONCLUSION

The involuntary case should be dismissed and damages should be awarded.

Dated: New York, New York  
       October 4, 2010

Respectfully submitted,

LEO FOX

*/s/ Leo Fox*  
Leo Fox, Esq.  
Law Offices of Leo Fox  
630 Third Avenue, 18th Floor  
New York, New York 10017  
Tel: (212) 867-9595  
Fax: (212) 949-1857