Leo Fox, Esq.
Law Offices of Leo Fox
630 Third Avenue, 18th Floor
New York, New York 10017
Tel: (212) 867-9595
Fax: (212) 949-1857

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

SIMON TAUB

Alleged Debtor.
-------------------------------------------------------X

Chapter 7
Case No: 10-49215 (ESS)

## MOTION TO ANNUL ANY AUTOMATIC STAY
## WHICH MAY EXIST PURSUANT TO § 362(d)

TO:  THE HONORABLE ELIZABETH S. STONG
     UNITED STATES BANKRUPTCY JUDGE

The above-captioned alleged Debtor, by Leo Fox, his attorney, upon its *Motion to Annul Any Automatic Stay Which May Exist Pursuant to § 362(d)* (the "Motion"), respectfully represents:

### JURISDICTION

1.      Court has jurisdiction over this Motion pursuant to *28 U.S.C. § 1334*. This matter is a core proceeding under *28 U.S.C. § 157*. Venue is proper before this Court pursuant to *28 U.S.C. §§ 1408* and *1409*.

### BACKGROUND

2.      Simon Taub and Chana Taub are the parties to a pending matrimonial action pending in the New York State Supreme Court, Kings County (Index. No. 26534-07) (the "Divorce Action").

3.      By Decision and Order of this Court dated August 14, 2010 in the case entitled *In re Chana Taub* (Case No. 08-44210), this Court lifted the automatic stay to permit the Divorce Action to proceed

4.    On August 30, 2010, Chana Taub, Esther Newhouse, and Katalin Pota filed an involuntary petition (the "August Involuntary Petition") against Simon Taub in the United Staets Bankruptcy Court for the Eastern District of New York (the "Court") (Case No. 10-48155) on the morning the Divorce Action was scheduled to proceed.  The Divorce Action was stayed as a result of the August Involuntary Petition.

5.    Pursuant to a Decision and Order issued by Chief Judge Craig dated September 7, 2010, the August Involuntary Petition was dismissed because, among other things, the petitioning creditors' claims were the subject of a bona fide dispute as to liability and amount, the Petition did not support an involuntary bankruptcy filing, and because one of the petitioning creditors, Katalin Pota, failed to appear at the hearing and presented no evidence to support her claim of $200,0000 against Simon Taub, the alleged debtor.

6.    Following the dismissal of the August Involuntary Petition, Supreme Court D'Emic, the judge presiding over the Divorce Action, rescheduled the Divorce Action to proceed on October 4, 2010.

7.    On September 29, 2010, the instant involuntary petition (the "September Involuntary Petition") was filed against Simon Taub by Katalin Pota, the sole petitioning creditor, alleging the $200,000 claim previously alleged.

8.    The September Involuntary Petition contains the same defects noted by Judge Craig in her decision dismissing the August Involuntary Petition; mainly that the petition fails to state the nature of the claim against Simon Taub and provides no substantiation or detail as to the claim.

9.    On October 4, 2010, the morning the Divorce Action was scheduled to proceed, the attorney for the alleged Debtor advised Judge D'Emic that the involuntary bankruptcy petition filed by

2

Katalin Pota on September 29, 2010 may create an automatic stay.   Judge D'Emic determined that he was not stayed from taking testimony, that he would proceed with the Divorce Action, and indicated that any determination would be stayed pending disposition of the involuntary bankruptcy.

10.    The Divorce Action proceeded yesterday morning and Chana Taub took the stand on her direct case.  The trial has been adjourned to Wednesday morning, October 6, 2010.

## RELIEF REQUESTED

### THE AUTOMATIC STAY SHOULD BE ANNULLED

11.    The alleged Debtor respectfully asks the Court to determine that any stay which may have been in effect as a result of the involuntary petition be deemed annulled and of no force and effect as it pertains to the Divorce Action.

12.    The language of § 362(d) states, in pertinent part, that "the court shall grant relief from the stay…such as by terminating, annulling, modifying, or conditioning such stay".  The word "annulling" indicates that § 362(d) gives the Court the power to ratify retroactively any act which may have constituted a violation of the automatic stay which would otherwise be void. *Vierkant v. Vierkant*, 240 B.R. 317, 324 (8th Cir. BAP 1999) (citing *Schwartz v. United States,* 954 F.2d 569, 571-72 (9th Cir.1992)).

13.    The Bankruptcy Court for the Eastern District of New York has stated that the statutory structure of § 362(d) allows for an annulment of the automatic stay by virtue of the word "annulling". *In re Hall*, 216 B.R. 702, 707 (Bankr. E.D.N.Y. 1998).  Such word "annulling" invariably connotes a retroactive effect and to "ignore such meaning would be to ignore the plain words of the statute and the legislative intent of Congress". *Id.*

14.    In *In re Hall*, the Bankruptcy Court for the Eastern District of New York granted an

annulment of the automatic stay, such annulment retroactively applying to an earlier date, because there had been an abuse of the bankruptcy process. *Id* at 711. In that case, the debtor had filed a series of bankruptcy petitions in order to avoid a foreclosure sale by the mortgagee. *Id* at 702. Judge Bernstein ruled the language of § 362(d) allowed for annulment of the automatic stay, especially in light of the improper purpose of the petitions, so the foreclosure sale could proceed. *Id* at 711.

15.     Similarly, Katalin Pota's September Involuntary Petition was filed to frustrate the Divorce Action. The August Involuntary Petition was filed the morning the Divorce Action was to proceed. Then, alleging the same claim amount and with no supporting documentation, Katalin Pota filed the September Involuntary Petition days before the Divorce Action was to proceed again. Such abuse of the bankruptcy process has, among other things, financially impacted Simon Taub's credit and has been a waste of this Court's resources.

**WHEREFORE**, it is respectfully requested that the Court grant the motion to annul the stay as of October 4, 2010 in order to give effect to the Divorce Action proceedings on October 4, 2010, and grant such other and further relief as may be proper.

Dated: New York, New York
        October 5, 2010

                                        Respectfully submitted,


                                        By: */s/ Leo Fox*
                                        Leo Fox, Esq.
                                        Attorney for alleged Debtor
                                        630 Third Avenue
                                        New York, New York 10017
                                        Phone: (212) 867-9595
                                        Fax:    (212) 949-1857

Leo Fox, Esq.
Law Offices of Leo Fox
630 Third Avenue, 18th Floor
New York, New York 10017
Tel: (212) 867-9595
Fax: (212) 949-1857

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

      SIMON TAUB                              Chapter 7
                                             Case No: 10-49215 (ESS)

                  Alleged Debtor.
-------------------------------------------------------X

## ORDER TO SHOW CAUSE SCHEDULING HEARING
## ON MOTION TO ANNUL ANY AUTOMATIC STAY
## WHICH MAY EXIST PURSUANT TO § 362(d)

Upon the annexed *Motion to Annul Any Automatic Stay Which May Exist Pursuant to §*

*362(d)* (the "Application") of the above-captioned alleged Debtor, and sufficient cause appearing

therefor, it is

**ORDERED** that the Petitioner of the above-captioned Involuntary Petition, Chana Taub,

and Esther Newhouse show cause before the Honorable Elizabeth S. Stong, United States

Bankruptcy Judge on the ___ day of October, 2010 at ____ o'clock in the _____ of that day,

or as soon thereafter as may be heard, in Her Courtroom, in the United States Bankruptcy Court,

271 Cadman Plaza East, Brooklyn, New York, 11201 as to why an Order should not be issued

pursuant to § 362(d) of the Bankruptcy Code annulling any automatic stay which may exist with

respect to the Divorce Action and granting such other further relief as is proper, and it is further

**ORDERED** that objections, if any, to the Debtor's Application shall be in writing, filed with the Clerk of the United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York, 11201 with a courtesy copy delivered to Chambers, and served upon Leo Fox, Esq., attorney for the alleged Debtor, at 630 Third Avenue, 18th Floor, New York, New York 10017, so that such objections are received no later than _____o'clock on October ___, 2010, and it is further

**ORDERED** that service by fax, or email or overnight delivery of this Order and Application with exhibits thereon upon Katalin Pota, the Petitioner in this Involuntary Petition, Chana Taub by her attorney David A. Bellon, Esq., and Esther Newhouse on or before October ___, 2010 shall be deemed good and sufficient notice of the within hearing(s).

Dated: Brooklyn, New York
      October _____, 2010.

                                _____
                                UNITED STATES BANKRUPTCY JUDGE
                                HON. ELIZABETH S. STONG