UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

SIMON TAUB,                                         Chapter 7
                                                    Case No. 10-49215 (ess)

              Alleged Debtor.
----------------------------------------------------------------x

### ORDER ON REQUEST FOR ORDER GRANTING
### RELIEF FROM THE AUTOMATIC STAY

This matter is before the Court on the Stipulation and [proposed] Order Lifting

Automatic Stay By and Between the Trustee and Simon Taub, entered into between Simon Taub,

the Alleged Debtor, and Lori Lapin Jones, the Trustee in *In re Chana Taub*, Case No. 08-44210.

By that Stipulation and a letter filed simultaneously therewith, the Alleged Debtor and the

Trustee request that the Court "so order" and enter the Stipulation as an Order of this Court

granting relief from the automatic stay to allow an equitable distribution action pending in New

York State Supreme Court between the Alleged Debtor and Chana Taub to proceed.

As recited in the Stipulation, this involuntary bankruptcy petition is the second to be

commenced against the Alleged Debtor in a period of approximately one month.  The first

involuntary petition, *In re Simon Taub*, Case No. 10-48155, was filed by petitioning creditors

Chana Taub, Esther Newhouse, and Katalin Pota on August 30, 2010, shortly before trial was to

commence in the equitable distribution action.  On August 31, 2010, the Alleged Debtor moved

to dismiss the involuntary petition.  On September 2, 2010, Chief Judge Carla E. Craig held an

evidentiary hearing on the motion to dismiss, and by Decision and Order entered on September

7, 2010, that involuntary petition was dismissed.

This involuntary petition was filed on September 29, 2010, by petitioning creditor

Katalin Pota, again shortly before trial was to commence in the equitable distribution action.  As

stated in the Stipulation, the filing of the involuntary petition may trigger the protections of the automatic stay, which stays "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor . . . ."  11 U.S.C. § 362(a)(1).  *See* 11 U.S.C. § 362(a) (automatic stay triggered by filing of involuntary petition pursuant to Bankruptcy Code Section 303).

Relief from the automatic may be obtained pursuant to Bankruptcy Code Section 362(d) "[o]n request of a party in interest and after notice and a hearing . . . ."  It may also be obtained in the appropriate circumstance on consent, including where consent has been obtained by the affected parties.  And notice may be the notice that is required by the Bankruptcy Rules and Local Bankruptcy Rule 9006-1(a), or pursuant to Bankruptcy Code Section 102(1)(A), which provides for "such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . . ."

Here, the Stipulation does not reflect the consent of all of the affected parties.  Nor does it amount to a request for relief from the automatic stay that provides the notice required by the Bankruptcy Rules and Local Bankruptcy Rule 9006-1(a), or such lesser notice as this Court may deem appropriate under Bankruptcy Code Section 102(1)(A) under these particular circumstances.

For these reasons, and based on the entire record, the request by the Alleged Debtor and the Trustee for the entry of an order granting relief from the automatic stay must be denied,

without prejudice to a request for such relief on such notice as the Bankruptcy Code and

Bankruptcy Rules permit or the Court may allow.

IT IS SO ORDERED.



**Dated: Brooklyn, New York**
**October 1, 2010**

-3-

_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**

TO:

Simon Taub
4819 14th Ave.
Brooklyn, NY 11219

Leo Fox
630 Third Avenue
New York, NY 10017

Katalin Pota
P.O. Box 7442
New York, NY 10150

Chana Taub
P.O. Box 667
Brooklyn, New York 11219

David Bellon, Esq.
157-51 26th Avenue
Flushing, NY 11354

Ronald Friedman
SilvermanAcampora LLP
100 Jericho Quadrangle
Suite 300
Jericho, NY 11753

Lori Lapin Jones
Lori Lapin Jones PLLC
98 Cutter Mill Road
Suite 201 North
Great Neck, NY 11021

# CERTIFICATE OF NOTICE

```
District/off: 0207-1        User: adobson         Page 1 of 1            Date Rcvd: Oct 04, 2010
Case: 10-49215              Form ID: pdf000       Total Noticed: 6


The following entities were noticed by first class mail on Oct 06, 2010.
db          +Simon Taub,   4819 14th Ave.,   Brooklyn, NY 11219-3166
         ++++CHANA TAUB,   PO BOX 190667,   BROOKLYN NY  11219-0667
            (address filed with court:  Chana Taub,   P.O. Box 667,   Brooklyn, NY  11219)
            +David Bellon, Esq.,   157-51 26th Avenue,   Flushing, NY 11354-1519
ptcrd       +Katalin Pota,   P.O. Box 7442,   New York, NY 10150-7442
            +Lori Lapin Jones,   Lori Lapin Jones PLLC,   98 Cutter Mill Road,   Suite 201 North,
              Great Neck, NY 11021-3010
            +Ronald Friedman,   SilvermanAcampora LLP,   100 Jericho Quadrangle,   Suite 300,
              Jericho, NY 11753-2702

The following entities were noticed by electronic transmission.
NONE.                                                                       TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++++' were corrected as required by the USPS Locatable Address Conversion System (LACS).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Oct 06, 2010**                    **Signature:** _____